IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| TYLER SHAY, | ) |
| --- | --- |
| Plaintiff, | ) |
| v. | ) Case No. 4:18-cv-00970-RK |
| COMMISSIONER, SOCIAL SECURITY ADMINISTRATION; | ) |
| Defendant. | ) |

## ORDER

Before the Court is Plaintiff's motion for attorney fees pursuant to 42 U.S.C. § 406(b). (Doc. 20.) The Government filed a response, in which it does not object to an award of fees under § 406(b). (Doc. 21.)

Plaintiff successfully appealed before this Court the Commissioner's decision denying Plaintiff Social Security disability benefits. Upon this Court's Order of January 2, 2020, reversing and remanding to the Commissioner for further proceedings (Doc. 14), the Commissioner then issued a decision favorable to Plaintiff on March 24, 2022, awarding Plaintiff $86,268 in past-due benefits (*see* Doc. 20-3).

There are three statutory avenues for securing attorney fees in cases involving Social Security appeals: (1) 42 U.S.C. § 406(a) – awarded by the Commissioner for representation before the Commissioner (with a $6,000 cap); (2) 42 U.S.C. § 406(b) – awarded by the Court for representation before the Court (with a cap totaling 25 percent of past-due benefits awarded); and (3) 28 U.S.C. § 2412 of the Equal Access to Justice Act ("EAJA") – awarded by the Court for representation before the Court to a prevailing plaintiff in an action against the United States.

The Court previously awarded Plaintiff's counsel attorney fees under the EAJA in the amount of $4,940.63. (Doc. 18.) Plaintiff and Plaintiff's counsel ("Counsel") previously had entered into a contingency-fee agreement under which Plaintiff agreed to pay Counsel a fee equal to 25 percent of any past-due benefits that are ultimately awarded. (Doc. 20-5.) Counsel now requests attorney fees under § 406(b), consistent with that contingency-fee agreement.

As relevant here, § 406(b) permits a Court to award an attorney, for representation in court proceedings resulting in entry of a judgment favorable to the claimant, "a reasonable fee for such

representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." § 406(b)(1)(A). Counsel asks the Court to approve a fee award pursuant to § 406(b) of $21,567, equal to 25 percent of Plaintiff's past-due benefits ($86,268) awarded by the Commissioner following the Court's Order of reversal and remand.

While the Government does not oppose the requested award of attorney fees, as the United States Supreme Court has recognized, § 406(b) "calls for court review of [contingent-fee] arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). In considering the "reasonableness" of a contingent-fee award in the Social Security context, the Court in *Gisbrecht* set forth the following factors to consider, including: "the character of the representation and the results the representative achieved," whether counsel was "responsible for delay" (i.e., "so that the attorney will not profit from the accumulation of benefits during the pendency of the case in court"), and whether the "benefits are large in comparison to the amount of time counsel spent on the case." *Id.* at 808 (citations omitted).

Counsel ultimately achieved the optimal result for Plaintiff in this case. Nothing in the record suggests to the Court any indication of substandard performance or undue delay by Counsel in successfully advocating Plaintiff's Social Security case at all levels of review, including before this Court. The remaining question is whether the requested fee is "excessive relative to the time spent on work before this Court." *Grohusky v. Kijakazi*, No. 4:19-CV-00571-WJE, 2022 WL 2513363, at *2 (W.D. Mo. July 5, 2022); *see Gisbrecht*, 535 U.S. at 807 ("[w]ithin the 25 percent boundary . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered"). The Court acknowledges the skill and expertise provided by Counsel and the law firm representing Plaintiff here both in Social Security cases generally and this case specifically. Counsel successfully represented Plaintiff in this matter, obtaining for Plaintiff a substantial award of past-due benefits in addition to the continuing Social Security benefits Plaintiff will receive in the future. At the same time, the record does not suggest (and counsel does not contend otherwise) that this case was unusually complex, voluminous, or difficult. The Court finds that under these particular circumstances, including the hours of legal work expended in this case,[1] the nature of this case, and the benefits ultimately awarded, an award of attorney fees as requested under the contingency fee agreement would be unreasonable.

---

[1] Counsel attached to her motion an itemized invoice reflecting the hours of legal work completed

2

Although not dispositive, as a tool to aid the Court's determination whether a requested § 406(b) fee is proportional and reasonable in a particular case – while also acknowledging that Social Security cases require contingency-fee representation and thus include an inherent risk of non-recovery for counsel – courts in this district "compare the requested fee as though it were an hourly rate divided by 2.8 – meant to represent the statistical likelihood of success – with the normal hourly rate Counsel might receive on a non-contingent basis." *Hansen v. Kijakazi*, No. 4:20-CV-00063-WJE, 2022 WL 892926, at *2 (W.D. Mo. Mar. 25, 2022) (collecting cases). Counsel's effective hourly rate in this case for 25.50 hours of legal work is approximately $845.76 per hour ($21,567 [requested attorney fees award] / 25.50 [hours of legal work] = $845.76). (Doc. 20-6.) The Social Security equivalent rate (calculated by dividing the effective hourly rate by a factor of 2.8) would be $302.06 per hour. By way of comparison, Counsel previously received attorney fees for legal work in this same case under the EAJA at a rate of $193.75 per hour. (*See* Docs. 18, 20-6.)

While not conclusive on its own, the Court finds the comparison tool useful here and that it supports the Court's conclusion that the attorney fees as requested under § 406(b) would result in an unreasonable windfall to Counsel in light of the specific considerations of this case including the legal work and attorney hours expended, the nature and circumstances of the case, and the award or benefit to Plaintiff. Rather, the Court finds that an award of attorney fees in the amount of $14,280[2] is a reasonable award in this case that fairly compensates Counsel for the legal work and legal services provided in this matter and is not disproportional. *See also Lammers v. Saul*, No. 17-00288-CV-W-SWH, 2020 WL 3452611, at * (W.D. Mo. June 24, 2020) (finding reasonable under § 406(b) an attorney fee award of $14,856.50 pursuant to a contingency fee agreement in case involving 27.90 hours of attorney work).

As recognized by the parties, because the Court awards the requested attorney fees under § 406(b), the Court must also order Counsel to refund to Plaintiff the previously awarded EAJA fees in the amount of $4,940.63. *See* § 406(b)(1)(A) ("In case of any such judgment, no other fee may be payable or certified for payment for such representation except as provided in this paragraph."); *Gisbrecht*, 535 U.S. at 796 ("Fee awards may be made under both prescriptions [the

---

in this case: 25.50 hours. (Doc. 20-6.)

[2] To calculate this amount, the Court considered the EAJA rate in this case as a guide (approximately $200 per hour), multiplied by the hours worked (25.50) and a factor of 2.8 to account for the special circumstances surrounding compensation for legal representation in Social Security cases.

3

EAJA and § 406(b)], but the claimant's attorney must refund to the claimant the amount of the smaller fee.") (citation omitted).

Accordingly, it is **ORDERED** that Plaintiff's motion for an award of attorney fees under § 406(b) (Doc. 20) is **GRANTED in part**. Counsel is awarded attorney fees pursuant to § 406(b) in the amount of $14,280, to be paid by the Social Security Administration. Plaintiff's Counsel is to refund the smaller fee amount previously awarded under the EAJA.

**IT IS SO ORDERED**.

s/ Roseann A. Ketchmark
ROSEANN A. KETCHMARK, JUDGE
UNITED STATES DISTRICT COURT

DATED: February 9, 2023